S. Amanda Marshall
Oregon Bar No. 953473
**S. Amanda Marshall, attorney at law, LLC**
1318 NW Northup Street
Portland, Oregon 97209
Telephone: (503) 472-7190
*amanda@maclaw.law*

John P. Kristensen
California Bar No. 224132
(*Pro Hac Vice forthcoming*)
**Carpenter & Zuckerman**
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 273-1230
*kristensen@cz.law*

*Attorneys for Plaintiffs, individually and on
behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| MEGAN LAUBE, an individual, KENZA MINKLER, an individual, KIMBERLY AGUIRRE MERAZ, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DESERT FIRE LLC dba SILVER DOLLAR CLUB, an Oregon Limited Liability Company;  DAMON SHRADER, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION** <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **Failure to Pay Minimum Wages, 29 U.S.C. § 206;** <br> 2. **Illegal Kickbacks, 29 C.F.R. § 531.35;** <br> 3. **Unlawful Taking of Tips, 29 U.S.C. § 203; and** <br> 4. **Forced Tip Sharing, 29 C.F.R. § 531.35** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs MEGAN LAUBE, KENZA MINKLER, KIMBERLY MERAZ MERAZ,

("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.    <u>NATURE OF THE ACTION</u>

1.    Plaintiffs allege causes of action against defendants DESERT FIRE LLC dba SILVER DOLLAR CLUB, an Oregon Limited Liability Company, DAMON SHRADER, an individual, and DOES 1 through 10, inclusive (collectively, "Defendants" or "Silver Dollar Club") for damages due to Defendants evading the mandatory minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA"), illegally absconding with Plaintiff's tips and demanding illegal kickbacks including in the form of "House Fees."

2.    These causes of action arise from Defendants' willful actions while Plaintiffs, at various times, were employed by Defendants from February 2021 to present. During Plaintiffs' time being employed by Defendants, Plaintiffs were denied minimum wage payments as part of Defendants' scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors."

3.    Plaintiffs worked at Defendants' adult entertainment facility, Silver Dollar Club located at 2620 W. 10th Place, Eugene, Oregon 97402.

4.    Defendants failed to pay Plaintiffs' minimum wages for all hours worked in violation of 29 U.S.C. §§ 206 of the FLSA.

5.    Defendants also charged Plaintiffs and other dancers to work.

6.    Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7.    Plaintiffs bring a collective action to recover the unpaid wages owed to them

individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Collective Members."

8.    As a result of Defendants' violations, Plaintiffs and the FLSA Collective Members seek to recover double damages for failure to pay minimum wage, interest, and attorneys' fees.

## II.    **PARTIES**

9.    At all times relevant, Plaintiff MEGAN LAUBE, hereafter "Plaintiff LAUBE," was an individual adult resident of the State of Oregon. Furthermore, Plaintiff LAUBE was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 1.

10.    At all times relevant, Plaintiff KENZA MINKLER, hereafter "Plaintiff MINKLER," was an individual adult resident of the State of Oregon. Furthermore, Plaintiff MINKLER was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 2.

11.    At all times relevant, Plaintiff KIMBERLY AGUIRRE MERAZ, hereafter "Plaintiff MERAZ," was an individual adult resident of the State of Oregon. Furthermore, Plaintiff MERAZ was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 3.

12.    The FLSA Collective Members are all current and former exotic dancers who worked at Silver Dollar Club located at 2620 W. 10th Place, Eugene, Oregon 97402 at any time

starting three (3) years before this Complaint was filed, up to the present.

      13.    Defendant DESERT FIRE LLC dba SILVER DOLLAR CLUB is an Oregon Limited Liability Company with its principal place of business located 2620 W. 10th Place, Eugene, Oregon 97402. At all times mentioned herein, Defendant was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served via its registered agent, Damon Shrader, at 10205 SW Park Way, Portland, Oregon 97225.

      14.    Defendant Damon Shrader ("Shrader") was/is one of the main manager(s)/owner(s) who executed the policies regarding payment to dancers and management of dancers, including Plaintiff. Shrader is the Manager of Desert Fire LLC and is the owner of Silver Dollar Club.

      15.    Shrader acted directly or indirectly on behalf of Silver Dollar Club, and, at all times mentioned herein were "employer(s)" or "joint employer(s)" of Plaintiff within the meaning of the FLSA. She exerted operational and management control over Silver Dollar Club, including day to day management. She was, and is, frequently present at, owns, directs, controls and manages the operations at Silver Dollar Club. She also controls the nature, pay structure, and employment relationship of the named Plaintiffs and the FLSA Collective Members. Shrader had at all times relevant to this lawsuit, the authority to hire and fire employees at Silver Dollar Club, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Silver Dollar Club. In particular, she was responsible for determining whether Silver Dollar Club complied with the FLSA.

      16.    DOES 1-10 are the managers/owners/employees or agents who control the

policies and enforce the policies related to employment at Silver Dollar Club.

17.    The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 1 through 10, inclusive are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs pray for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believe, and upon such information and belief allege thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

18.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their clubs engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

19.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

20.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Silver Dollar Club as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.    Plaintiffs are informed and believe that, at all relevant times herein, Defendants

engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.     Plaintiffs are informed and believe, and on that basis allege that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of the Plaintiffs, in that each of them exercised control over the Plaintiffs' wage payments and control over their duties.

23.     Plaintiffs are informed and believe, and on that basis allege that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

24.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## III.    <u>VENUE AND JURISDICTION</u>

25.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

26.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiffs worked in this District.

///

**IV.** **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**(AGAINST ALL DEFENDANTS)**

**A.** **FACTUAL ALLEGATIONS**

27.     Defendants operate an adult-oriented entertainment facility located at 2620 W. 10th Place, Eugene, Oregon 97402.

28.     Defendants' adult-oriented entertainment facility operates under the name "Silver Dollar Club".

29.     At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of the Plaintiffs.

30.     At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

31.     At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject clubs, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

32.     Plaintiff LAUBE worked as an exotic dancer for the Silver Dollar Club from approximately February 2022 to February 2022.

33.     Plaintiff MINKLER worked as an exotic dancer for the Silver Dollar Club from approximately August 2021 to February 2022.

34.     Plaintiff MERAZ works as an exotic dancer for the Silver Dollar Club from approximately February 2022 to the present.

35.     The primary duty of an entertainer is to dance and entertain customers, and give them a good experience. Specifically, an entertainer performs stage and table dances, and

entertains customers on an hourly basis.

36.     Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

37.     Plaintiff LAUBE worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff LAUBE was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

38.     Plaintiff MINKLER worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff MINKLER was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

39.     Plaintiff MERAZ worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff MERAZ was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

40.     Defendants did not pay entertainers on an hourly basis.

41.     Defendants exercised significant control over Plaintiffs during their respective shifts and would demand that Plaintiffs pay to work a particular shift.

42.     Defendants set prices for all performances.

43.     Defendants set the daily cover charge for customers and/or members to enter the facility and had complete control over which customers and/or members were allowed in the facility.

44.     Defendants controlled music for Plaintiff LAUBE, Plaintiff MINKLER and

Plaintiff MERAZ's performances.

45.    Defendants controlled the means and manner in which Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ could perform.

46.    Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

47.    Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

48.    Although Defendants allowed entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Silver Dollar Club' dress and appearance standards, Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, respectively, typically expended at least half an hour of time each shift getting ready for work without being paid any wages for such time getting ready.

49.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, whatsoever for any hours worked at their establishment.

50.    Defendants also required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to share their respective tips with Defendants, and other non-service employees who do not customarily receive tips, such as the disc jockeys and the bouncers.

51.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify

Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their respective tips and instead required that Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ divide their respective tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

52.     Defendants exercised significant control over Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ through written and unwritten policies and procedures.

53.     Defendants provided and paid for all advertising and marketing efforts undertaken on behalf of Silver Dollar Club.

54.     Defendants paid for the buildings used by Silver Dollar Club's maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.

55.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

56.     Defendants' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Silver Dollar Club.

57.     Exotic dancing is an integral part of Silver Dollar Club's operations. Silver Dollar Club's advertising prominently displays nude or semi-nude dancing for its customers. Silver Dollar Club is well known as a "strip club."

58.     Defendants need entertainers to successfully and profitably operate the Silver Dollar Club business model.

59.    The position of entertainer requires no managerial skill of others.

60.    The position of entertainer requires little other skill or education, formal or otherwise.

61.    The only requirements to become an entertainer at Silver Dollar Club are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

62.    Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

63.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ were not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during her work shift.

64.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ were not paid an hourly minimum wage for the time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

65.    The FLSA Collective Members had the same pay structure and were under the same controls as Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ.

66.    Defendants have never paid Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and the FLSA Collective Members any amount as wages whatsoever, and have instead unlawfully required Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and FLSA Collective Members to pay them for the privilege of working.

67.    The only source of monies received by Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ (and the Collective they seek to represent) relative to Plaintiffs' employment with Defendants came in the form of gratuities received directly from customers, a

portion of which Plaintiff LAUBE, Plaintiff MINKLER,  Plaintiff MERAZ and the FLSA

Collective Members were required to pay to Defendants.

68.    Defendants' method of paying Plaintiff LAUBE, Plaintiff MINKLER and

Plaintiff MERAZ in violation of the FLSA was willful and was not based on a good faith and

reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff

LAUBE, Plaintiff MINKLER, and Plaintiff MERAZ with the sole intent to avoid paying them

in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks"

to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such

fines and fees.

69.    Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and FLSA Collective

Members who worked at Silver Dollar Club performed precisely the same job duties - dancing

and entertaining at Silver Dollar Club.

70.    Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and FLSA Collective

Members who worked at Silver Dollar Club during the applicable limitations period(s) were

subject to the same work rules established by the Defendants as identified above.

71.    Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and FLSA Collective

Members at Silver Dollar Club were subject to the terms and conditions of employment and the

same degree of control, direction, supervision, promotion and investment imposed or performed

by Defendants.

72.    Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and FLSA Collective

Members at Silver Dollar Club during the applicable limitations period(s) were subject to the

same across-the-board, uniformly applied corporate policy mandated by Defendants.

73.    Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and the FLSA

Collective Members at Silver Dollar Club, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

74.    Defendants required Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ to pay fees to Defendants and other Silver Dollar Club employees, including but not limited to DJs and bouncers.

75.    Defendants required Plaintiff LAUBE, Plaintiff MINKLER, and Plaintiff MERAZ to pay fees to Defendants and other Silver Dollar Club employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

76.    As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at Silver Dollar Club during the applicable limitations period would elect to participate in this action if provided notice of same.

77.    Upon information and belief, more than one hundred (100) dancers and entertainers have worked at Silver Dollar Club during the three (3) to five (5) years prior to the filing of this action.

78.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ are "similarly situated" to the 29 U.S.C. § 216(b) class of persons they seek to represent, and will adequately represent the interests of the class.

79.    Plaintiff LAUBE, Plaintiff MINKLER, and  Plaintiff MERAZ have hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

80.    Defendants failed to keep records of tips, gratuities and/or service charges paid to

Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ or any other entertainer and failed to maintain and furnish wage statements to Plaintiffs.

81.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

c.     The amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the "regular rate";

d.     The hours worked each workday and total hours worked each workweek;

e.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

f.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

g.     The dates, amounts, and nature of the items which make up the total additions and deductions;

h.     The total wages paid each pay period; and

i.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

82.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff LAUBE, Plaintiff MINKLER, Plaintiff MERAZ and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Collective Members can meet their burden under the FLSA by proving that they,

in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ seek to put Defendants on notice that they intend to rely on *Anderson* to provide the extent of Plaintiffs' unpaid work.

**B.    INDIVIDUAL LIABILITY UNDER THE FLSA**

83.    In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

84.    Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

85.    Defendant Shrader is individually liable for failing to pay Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ their wages, imposing unlawful kickbacks, and depriving Plaintiffs of their respective tips. The actual identities of DOES 1-10 are unknown at

this time.

## V.    **COLLECTIVE ACTION ALLEGATIONS**

86.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ hereby incorporate by reference and re-alleges each and every allegation set forth in paragraphs 1-83 as though fully set forth herein.

87.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

88.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ have actual knowledge that FLSA Collective Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ worked with other dancers/entertainers at Silver Dollar Club. As such, Plaintiffs have firsthand personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club have shared with her similar pay violation experiences as those described in this Complaint.

89.    FLSA Collective Members perform or have performed the same or similar work as the Plaintiff.

90.    FLSA Collective Members regularly work or have worked and did not receive minimum wage.

91.    FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

92.    As such, FLSA Collective Members are similar to Plaintiffs in terms of job

duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

93.    Defendants' failure to pay compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

94.    The experiences of Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, with respect to their pay, are typical of the experiences of the FLSA Collective Members.

95.    The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

96.    All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

97.    Although the exact number of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Collective Members.

98.    As such, Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ bring their FLSA claims as a collective action on behalf of the following class:

**All of Defendants' current and former exotic dancers/entertainers who worked at Silver Dollar Club at 2620 W. 10th Place, Eugene, Oregon 97402 at any time starting three years before this Complaint was filed.**

///

///

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

**(By Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, Each Individually, and on Behalf of the Collective Against All Defendants)**

99.     Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-98 as though fully set forth herein.

100.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

101.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

102.     Defendants failed to pay Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ the minimum wage in violation of 29 U.S.C. § 206.

103.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ the minimum wage under the FLSA.

104.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

105.     Due to Defendants' FLSA violations, Plaintiff LAUBE, Plaintiff MINKLER and

Plaintiff MERAZ are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

### (By Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, Each Individually, and on Behalf of the Collective Against All Defendants)

106.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-105 as though fully set forth herein.

107.    Defendants required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to pay monetary fees to Defendants and other Silver Dollar Club employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

108.    Defendants' requirement that Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ pay fees to Defendants and other Silver Dollar Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

109.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

110.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ are classified as illegal kickbacks.

111.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ are  entitled to

recover from Defendants all fees that Defendants required Plaintiffs to pay in order to work at Silver Dollar Club, involving but not limited to house fees and tip sharing.

### THIRD CAUSE OF ACTION

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

**(By Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, Each Individually, and on Behalf of the Collective Against All Defendants)**

112.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-111 as though fully set forth herein.

113.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

114.    At all relevant times, each Defendants were "employer(s)" or "joint employer(s)" of Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ within the meaning of the FLSA, 29 U.S.C. § 203(d).

115.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

116.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

117.    Under the Tip Income Protection Act ("TIPA"):

[a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203 (m)(2)(B).

118.    Defendants kept a portion of tips paid to Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Silver Dollar Club employees, such as the disc jockeys and bouncers in violation of TIPA.

119.    Defendants required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the DJs and bouncers). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

120.    The contribution Defendants required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiffs other dancers; but rather, was imposed upon Plaintiffs and other dancers.

121.    By requiring Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to pool their tips with club employees who do not customarily receive tips, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

122.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ.

123.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiffs the proper amount of the tips to which they were entitled.

124.    Defendants' willful failure and refusal to pay Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ the tips they respectively earned violates the FLSA.

125.    Defendants kept a portion of tips paid to Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Silver Dollar Club employees, such as disc jockeys and bouncers, in violation of TIPA.

126.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ are entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and

## FOURTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

**(By Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ, Each Individually, and on Behalf of the Collective Against All Defendants)**

127.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-124 as though fully set forth herein.

128.    Defendants required Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff

MERAZ to pay monetary fees to other Silver Dollar Club employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

129.    Defendants' requirement that Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ pay fees to other Silver Dollar Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

130.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ's wages.

131.    Plaintiff LAUBE, Plaintiff MINKLER and Plaintiff MERAZ are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at Silver Dollar Club, involving but not limited to forced tip sharing.

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief:

1.    For compensatory damages according to proof at trial of at least $100,000;

2.    For special damages according to proof at trial;

3.    For restitution of unpaid monies;

4.    For attorneys' fees;

5.    For costs of suit incurred herein;

6.    For statutory penalties;

7.    For civil penalties;

8.    For pre-judgment interest;

9.    For post-judgement interest;

10.   For general damages in an amount to be proven at trial;

11.   For declaratory relief;

12.   For injunctive relief; and

13.   For such other and further relief as the Court may deem just and proper.


Dated: March 8, 2022                    */s/ S. Amanda Marshall*
                                        S. Amanda Marshall
                                        Oregon Bar No. 953473
                                        John P. Kristensen
                                        California Bar No. 224132
                                        (*Pro Hac Vice forthcoming*)


                                        ***Attorneys for Plaintiff, individually
                                        and on behalf of all others similarly
                                        situated***

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury for all such triable claims.


Dated: March 8, 2022                          <u>*/s/ S. Amanda Marshall*</u>
                                              S. Amanda Marshall
                                              Oregon Bar No. 953473
                                              John P. Kristensen
                                              California Bar No. 224132
                                              (*Pro Hac Vice forthcoming)*

                                              ***Attorneys for Plaintiff, individually
                                              and on behalf of all others similarly
                                              situated***