IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MEGAN LAUBE, et al** | Civ. No. 6:22-cv-00378-AA |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **DESERT FIRE LLC, et al** | |
| Defendants. | |

AIKEN, District Judge:

Plaintiffs Megan Laube ("Laube"), Kenza Minkler ("Minkler"), and filed this action on March 9, 2022, later joined by others,[1] alleging violation of the federal Fair Labor Standards Act ("FLSA"). ECF No. 1. Laube and Minkler accepted offers of judgment from Defendants and now seek an award of reasonable attorney's fees and costs. For the reasons explained below, Plaintiffs' Motion for Attorney Fees, ECF No. 45, is GRANTED in part and DENIED in part.

---

[1]     On March 8, 2023, the Court entered Judgment pursuant to Plaintiff Kimberly Aguirre Meraz's stipulated dismissal, and Plaintiffs Ryann Muir, Kenza Minkler, Hannah Thornton, and Megan Laube's offers of Judgment. See ECF No. 46. All Plaintiffs have been terminated and this case was closed, notwithstanding further resolution of reasonable attorney fees. This Opinion and Order resolves the Motion for Attorney's Fees for Plaintiffs Laube and Minkler only.

Page 1 – OPINION AND ORDER

## FACTUAL BACKGROUND

Plaintiffs worked as dancers at Silver Dollar Club in Eugene, Oregon. Plaintiffs asserted four causes of action against Defendants Desert Fire LLC, dba Silver Dollar Club, and the club's owner, Damon Shrader. Plaintiffs alleged that Defendants misclassified them as "independent contractors" and unlawfully charged Plaintiffs fees to work and forced them to tip other employees to subsidize regular payroll.

After discovery and depositions, on June 23, 2022, Defendants offered judgment to Minkler in the amount of $11,000.00 plus reasonable attorney's fees and costs. ECF No. 21. On August 12, 2022, Defendants offered judgment to Laube in the amount of $35,000.00 plus reasonable attorney's fees and costs. ECF No. 23. Both Minkler and Laube represent that the offered amounts exceeded both of their damages models. Plfs.' Mot. at 3, ECF No. 45. Plaintiffs accepted their respective offers. ECF Nos. 21-1, 23-1.

Both offers state, in relevant part, that the offer was made individually to Minkler or Laube, respectively, and "exclusive of reasonable costs and fees incurred by Plaintiff on or before the date of this Offer," and that "[t]he entitlement to and amount of potentially recoverable reasonable costs and fees incurred on or prior to the date this offer was made, if any, shall be determined by the Court upon application by Plaintiff." *Id.*

By letter, the parties represented to the Court that all Plaintiffs had accepted offers of judgment or had otherwise been dismissed from the case and that there were no purported class members who would be opting-in to the action. On March 8, 2023,

Page 2 – OPINION AND ORDER

consistent with Plaintiffs' acceptance of Defendants' offers, or by stipulated dismissal, the Court entered judgment in favor of Plaintiffs, and closed the case, notwithstanding resolution of reasonable attorney fees, if any. ECF Nos. 37, 38, 46.

Now, Plaintiffs Laube and Minkler state that they are entitled to reasonable attorney's fees in the amount of $45,984.80 and costs of $7,258.50. This is $43,260.00 from Carpenter Zuckerman and $2,724.80 from S. Amanda Marshall, LLC. Additionally, Plaintiffs are seeking $7,258.50 in costs for the filing fee ($402) service of process fees ($220), PHV application fees ($600), and deposition related costs and fees ($6,036.50). Kristensen Decl., ¶ 23-24, Exs. 1 and 2; Marshall Decl. ¶ 14, Ex. 2.

Defendants respond that in filing a motion for fees incurred for Plaintiffs Laub and Minkler, Plaintiffs' lawyers request attorney's fees incurred through February, 2023—six months after August 12, 2022, the later date of the two accepted offers. Def. Resp. at 5, ECF No. 47. Based on the plain text of the offers of judgment, Defendants assert that Plaintiffs Laube and Minkler cannot recover for those fees incurred after the offers of judgment were made, and certainly not, by this motion, for other Plaintiffs following Laube and Minkler's acceptance of Defendants' offers. Defendant also points out several billing entries, claiming that those entries are redundant, repetitive, or excessive, and therefore, not reasonable.

## LEGAL STANDARDS

### I. Reasonable Attorney Fee Under FLSA

Under the FLSA, a prevailing plaintiff-employee is entitled to an award of "a reasonable attorney's fee to be paid by the defendant and costs of the action." U.S.C. § 216(b); *Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.1164, 1180 (9th

Page 3 – OPINION AND ORDER

Cir. 2016). *See also* Fed. R. Civ. P. 54 (prevailing party entitled to costs and attorney fees if provided by statute, rule or order); LR 54–1 & 54–3 (same).

The plaintiff bears the burden of establishing that their requested fees are reasonable. *Gates v. Gomez*, 60 F.3d 525, 534 (9th Cir. 1995). The plaintiff must show that the number of hours claimed on their fee petition were "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

In determining the reasonableness of attorney's fees, the court must employ a lodestar calculation and decide how many hours were reasonably expended, then multiply those hours by the prevailing local rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The court should exclude any hours that are "excessive, redundant or otherwise unnecessary." *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

In evaluating the reasonableness of the fee award, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3, *superseded by statute on other grounds*, Prison Litigation Reform Act, 42 U.S.C. § 1997e.

While the court is not required to set forth an hour-by-hour analysis of the fee request, in cases where a voluminous fee application is filed, as a practical matter, the court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure. *Gates v. Deukmejian*, 987 F.2d 1392 1398 (9th Cir. 1992).

## II. Offer of Judgment Under Rule 68

When interpreting an Offer of Judgment under Rule 68, "a court will ordinarily apply the usual rules of contract construction." *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993) (citing *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991)); *see also Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir.1995), cert. denied, 518 U.S. 1018 (1996). "Thus, ambiguities will be construed against the offeror as the drafting party and, where such ambiguities are found to exist, extrinsic evidence of the parties' actual intentions will be examined to clarify those ambiguities and arrive at the meaning of the offer's material terms." *Id*.

## DISCUSSION

### I. Effect of Rule 68 Offer of Judgment

Plaintiffs argue that they cannot be prevented from recovering attorney fees after an offer of judgment pursuant to Rule 68, asserting that "counsel could have

Page 5 – OPINION AND ORDER

continued to opt-in other collective members and even wait for the collective to be certified," and thus recover attorney's fees for work thus expended after Laube and Minkler settled. Plfs.' Reply at 4, ECF No. 49. Plaintiffs cite to *Sosna v. Iowa*, 419 U.S. 393 (1975) representing that *Sonsa* "held that once a certification motion has been made (or a class has been certified), an underlying class action will remain, regardless of whether the individual plaintiff's claim is rendered moot, **particularly where the offer of judgment occurred after the filing of a class certification motion**." Plfs.' Reply at 2-3 (emphasis in Plaintiffs' brief).

Plaintiffs patently mischaracterize—in bold font—the holding in *Sonsa*. *Sonsa* involved a petitioner in a divorce who, at the time of her petition, failed to meet the one-year residency requirement to file for divorce. But, by the time she led a certified class-action suit under Rule 23 challenging the residency requirement, she had lived in the jurisdiction long enough to meet the residency requirement. In holding that the petitioner's eventual fulfillment of residency did not moot the class claims, *Sonsa* makes no mention of an offer of judgment, under Rule 68 or otherwise. Plaintiffs' misrepresentation to the Court is not well-taken.

Plaintiffs rely on other cases which analyze the interaction between the fee-shifting provisions of the FLSA and Rule 68(d), which provides that if an offer of judgment is declined and the plaintiff receives a judgment that is less favorable than the offer, the "offeree must pay the costs incurred after the offer of judgment." Fed. R. Civ. P. 68(d); *see* Plfs.' Reply at 3 (cataloguing such cases). Those cases are distinguishable from the present case, in which Plaintiffs Laube and Minkler

Page 6 – OPINION AND ORDER

accepted offers of judgment that explicitly cut off the accrual of additional fees and costs.

This case is more analogous *Guerrero v. Cummings*, 70 F.3d 1111 (9th Cir. 1995). The *Guerrero* plaintiffs accepted an offer of judgment that, like the offers in the present case, limited fees and costs to those accrued before the date of the offer. *Id*. at 1112-13. Although the civil rights statute in *Guerrero*, like the FLSA, generally allows that time spent establishing entitlement to an amount of fees is compensable, "a settlement offer may be conditioned upon the waiver of such fees." *Id*. at 1113. "Accepting such an offer constitutes waiver, but only if the waiver is clear and unambiguous." *Id*. (internal quotation marks and citations omitted). As stated above, the usual rules of contract construction apply when interpreting the terms of an offer. *Id*.

Here, Plaintiffs argue that their acceptance of a Rule 68 offer does not render the collective action moot, where the "collective action was open" and where work thereafter was done for the benefit of the collective. Plaintiffs refer to two other Plaintiffs, Muir and Thornton, who at the time Laube and Minkler accepted their offers, had not yet entered settlements with Defendants.

However, the text of each offer to Laube and Minkler does not support Plaintiffs' construction. In assessing language almost identical to the present cases, the Ninth Circuit concluded: "We see nothing ambiguous in these offers. By their own terms, the offers explicitly limit fees and costs to those 'incurred by this plaintiff prior to the date of this offer in an amount to be set by the court.' It is the reasonableness of those fees only—i.e., fees incurred before the offers—that may be

Page 7 – OPINION AND ORDER

left to the court to determine." *Guerrero*, 70 F.3d at 1113 (emphasis in original, internal parenthetical omitted); *see also Flores v. Fergiss, Inc.*, No. 3:13-CV-01480-KI, 2014 WL 1123638, at *2 (D. Or. Mar. 20, 2014) (applying *Guerrero* to limit post-offer fees in an FLSA case); *Sanchez v. Fergiss, Inc.*, No. 3:13-CV-01481-KI, 2014 WL 1123646, at *2 (D. Or. Mar. 20, 2014) (holding same); *Wilson v. Decibels of Oregon, Inc.*, No. 1:17-CV-01558-MC, 2019 WL 6245423, at *5 (D. Or. Nov. 22, 2019) (holding same).

That is the situation here. Plaintiffs Laube and Minkler accepted offers of judgment that, like the offers in *Guerrero*, plainly and expressly limited fees to those accrued before the date of the offer. Despite Plaintiffs' arguments to the contrary, there was no ambiguity in the language of the offers of judgment and the Court finds no other cause to deviate from the plain terms of the parties' agreements.

Accordingly, the Court excludes all hours accrued after August 12, 2022, from the attorney fee calculation, which includes hours claimed for the further litigation of these attorney fee motions.

## II. Litigation Expenses and Billing Entries

Defendants assert that the Court should discount Plaintiffs' claim for attorneys' fees and costs to the extent the billing records are vague, excessive, or unduly repetitive. Defs.' Resp. at 5. Defendants do not challenge the reasonableness of Plaintiffs' hourly rate, but list out in a spreadsheet discreet objections to Plaintiffs' billing entries. Bolesky Decl., Exs. 1-3, ECF No. 48. Because the Court has already determined that Plaintiffs Laube and Minkler are not entitled to recover fees incurred

after August 12, 2022, the Court will not address Defendants' objections to billing entries incurred after that date.

The Court has reviewed the record, Defendants' objections, Plaintiffs' explanations and clarifications in their Reply brief, and considered the twelve factors identified in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), particularly the customary fee; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. Accordingly, the Court finds that Plaintiff has provided enough evidence form which the Court can make a fair evaluation of the reasonableness of the time expended and the nature and need for the service.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Attorney Fees and Costs for Plaintiffs Megan Laube and Kenza Minkler, ECF No. 45, is GRANTED in part for all fees and costs incurred prior to August 12, 2022, and otherwise DENIED in accordance with this Opinion and Order.

IT IS SO ORDERED.

Dated this  5th  day of July 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 9 – OPINION AND ORDER